# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-41422

———

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REYNALDO MARTINEZ,

Defendant - Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-918-1

———

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reynaldo Martinez pled guilty to possession with intent to distribute over 700 pounds of marijuana. The judge found that he had three prior convictions that were "crimes of violence" under U.S.S.G. § 4B1.2, and so found him to be a "career offender," *see* U.S.S.G. § 4B1.1, and calculated his sentence accordingly. The judge found that Martinez's prior convictions under Texas law for (1) robbery, (2) aggravated robbery, and (3) burglary all constituted "crimes of violence."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41422

Martinez appealed.  He argues that his convictions for robbery and aggravated robbery are not crimes of violence because the residual clause of U.S.S.G. § 4B1.2(a)(2), which includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutional.  He relies for support on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that nearly identical language in the violent felony definition in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b)(ii), was unconstitutionally vague.

While Martinez's appeal was pending, the Supreme Court decided *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), which squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause.  At this Court's behest, Martinez filed a supplemental letter brief addressing *Beckles*.  Martinez conceded that *Beckles* forecloses his arguments that his robbery and aggravated robbery convictions are not crimes of violence, and thus effectively concedes that, irrespective of the other arguments raised on appeal, he was properly subject to the career offender guidelines.[1]

Because Martinez concedes that the district judge committed no error in imposing his sentence, the judgment of the district court is

AFFIRMED.

---

[1] Martinez admits that "irrespective of the subsidiary issues raised in the supplemental briefing in this case, Mr. Martinez's prior Texas robbery and aggravated robbery convictions qualify as career-offender predicates under this Court's precedent."  At least two prior career-offender predicates are necessary to subject a defendant to the career offender guidelines.  *See* U.S.S.G. § 4B1.1(a).