# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40928

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

MIGUEL AGUSTIN RODRIGUEZ-LOPEZ,

   Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1749-1

Before HIGGINBOTHAM, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

  Miguel Agustin Rodriguez-Lopez challenges the district court's characterization of his robbery conviction as a "crime of violence" under the 2015 United States Sentencing Guidelines. Rodriguez-Lopez pleaded guilty, without a plea agreement, to being found in the U.S. after previous deportation in violation of 8 U.S.C. § 1326. Adopting the recommendation of the United States Probation Office's presentencing investigation report, and over his

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection, the district court found that Rodriguez-Lopez had previously been deported following a crime of violence, triggering the 16-level Guidelines enhancement. This was offset by a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 21. Rodriguez-Lopez was assigned 10 criminal history points, including 3 points for one of his Texas robbery convictions and 1 point for the other. With a total offense level of 21 and a Category V criminal history score, he faced a Guidelines range of 70–87 months' imprisonment. The district court sentenced Rodriguez-Lopez to 70 months.

On appeal, Rodriguez-Lopez argues that it was error for the district court to characterize his prior convictions for robbery under Texas law as crimes of violence within the Guidelines, resulting in more criminal history points than he deserved. He reasons that the residual clause of USSG § 4B1.2(a)(2) (2015), as it read when he was sentenced, is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that nearly identical language in the Armed Career Criminal Act was unconstitutionally vague. However, he concedes that this position, and therefore his appeal, is foreclosed by circuit precedent. Nonetheless, he filed this appeal in hopes that the Supreme Court would decide the then-pending *Beckles v. United States* favorably to him. While this case was pending, the Court decided *Beckles* adversely to Rodriguez-Lopez, holding that the Sentencing Guidelines are not subject to constitutional vagueness challenges. 137 S. Ct. 886, 890 (2017). That opinion disposes of Rodriguez-Lopez's only issue on appeal. *See also United States v. Martinez*, No. 15-41422, 2017 WL 1063450 (5th Cir. Mar. 20, 2017) (unpublished). The judgment of the district court is

**AFFIRMED.**